UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW ARLINGTON RING,<br><br>  Plaintiff,<br><br>vs.<br><br>KARIM RASHEED, et al.,<br><br>  Defendants. | 1:20-cv-00069-GSA-PC<br><br>**ORDER DIRECTING CLERK TO MOVE THE COMPLAINT FROM THIS CASE INTO CASE 1:18-cv-01283-NONE-JLT AS THE SECOND AMENDED COMPLAINT**<br><br>**ORDER ADMINISTRATIVELY CLOSING THIS CASE** |

**I.   BACKGROUND**

Andrew Arlington Ring ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint commencing this action was filed on June 13, 2016. (ECF No. 1.)

The court finds that the Complaint used to open this case was intended by Plaintiff as the Second Amended Complaint in case 1:18-cv-01283-NONE-JLT. Therefore, the court shall direct the Clerk to move the Complaint from this case into case 1:18-cv-01283-NONE-JLT as the Second Amended Complaint and administratively close this case.

**II.   PLAINTIFF'S TWO CASES**

**A.   Case 1:18-cv-01283-NONE-JLT; Ring v. Allenby, et al.**

On September 19, 2018, the court received a § 1983 civil rights Complaint from Andrew Arlington Ring, #CO-000566-0, and opened case 18-cv-01283; Ring v. Allenby; against

defendants Cliff Allenby, Brandon Price (Executive Director at California State Hospital (CSH) in Coalinga), Dr. Gary Powers (General Practitioner at CSH), John Doe (Social Worker at CSH), Jane Doe (Litigation Coordinator at CSH), and Dr. Kareen Rasheed (Eye Surgeon), for providing inadequate medical care for Plaintiff's eye condition at Coalinga State Hospital beginning in "late 2014 or early 2015." (Complaint at 4.) Plaintiff claimed that as a result of his inadequate medical care he ultimately lost his vision altogether in September 2018. (Complaint at 8.)

On March 26, 2019, the court dismissed the Complaint for failure to state a claim with leave to file a First Amended Complaint. On May 22, 2019, Plaintiff filed the First Amended Complaint. On November 12, 2019, the court dismissed the First Amended Complaint with leave to file a Second Amended Complaint within twenty-one days. Plaintiff did not file a timely Second Amended Complaint. On January 22, 2020, the court issued an order for Plaintiff to show cause why the case should not be dismissed for his failure to comply with the court's order to file a Second Amended Complaint. The court's order to Plaintiff was returned in the mail as undeliverable.

On February 17, 2020, the court issued findings and recommendations, recommending that this case be dismissed for Plaintiff's failure to comply with court orders. On March 27, 2020, Plaintiff filed objections to the findings and recommendations, declaring under penalty of perjury that he timely filed the Second Amended Complaint on January 7, 2020.

**B.   Case 1:20-cv-00069-GSA-PC; Ring v. Rasheed, et al. (This Case)**

On January 10, 2020, the court received a § 1983 civil rights complaint titled 19-cv-00878-EPG; Ring v. Rasheed.[1] The signature on the Complaint by Plaintiff Andrew Arlington Ring, #CO-000566-0, was dated January 7, 2020. The Clerk opened a new case, 1:20-cv-00069-GSA-PC; Ring v. Rasheed; against defendants Dr. Karim Rasheed (eye surgeon), Dr. A. Hatwalker (medical doctor), Dr. Bradley Powers (medical doctor), and Dr. Newbarld (medical doctor) for providing inadequate medical care for Plaintiff's eye condition at Coalinga State Hospital beginning on June 24, 2014, resulting in Plaintiff's blindness. (ECF No. 1 at 3.)

---

[1] Case number 19-cv-00878 is a habeas case filed by Plaintiff Andrew Arlington Ring on June 27, 2019, which was closed on March 13, 2020.

### III. SAME CASE OPENED TWICE

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 487 F.3d at 688 (citing see Curtis v. Citibank, N.A., 226 F.3d 133, 138–39 (2d Cir. 2000); Walton v. Eaton Corp., 563 F.2d 66, 70–71 (3d Cir. 1977) (en banc), cited with approval in Russ v. Standard Ins. Co., 120 F.3d 988, 990 (9th Cir. 1997)).

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 487 F.3d at 688 (quoting Walton, 563 F.2d at 70; see also Curtis, 226 F.3d at 138–39; Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223–24 (7th Cir. 1993)).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." Adams, 487 F.3d at 688. "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." Id. (quoting The Haytian Republic. United States v. The Haytian Republic, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams, 487 F.3d at 689 (citing see The Haytian Republic, 154 U.S. at 124 ("There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the . . . essential basis, of the relief sought must be the same." (internal quotation marks omitted)); Curtis, 226 F.3d at 140

(holding that the trial court did not abuse its discretion in dismissing "Curtis II claims arising out of the same events as those alleged in Curtis I," which claims "would have been heard if plaintiffs had timely raised them"); Serlin, 3 F.3d at 223 ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)).

**IV.   DISCUSSION**

Plaintiff has two civil rights cases pending before this Court.  The first case was filed on September 19, 2018, as case 1:18-cv-01283-JLT (Ring v. Allenby, et al.) (Court Record.)  The second case is the present case, 1:20-cv-00069-GSA (Ring v. Rasheed, et al.,) ("20-69") filed on January 10, 2020.  (ECF No. 1.)

The court has reviewed Plaintiff's two cases and finds that the claims, parties, and available relief do not significantly differ between the two actions.  Both cases are civil rights actions pursuant to 42 U.S.C. § 1983.  The Plaintiff, Andrew Arlington Ring, is the same in both cases and Plaintiff's claims in both cases arose out of the same events -- the medical care received by Plaintiff for his eye condition during 2014-2018 at Coalinga State Hospital, which Plaintiff claims resulted in his blindness.  The defendants in the two cases are Plaintiff's eye surgeon, Dr. Karim Rasheed, other medical providers, and officials employed at CSH during the time Plaintiff was treated for his eye condition.  The complaints are not identical, given that the court finds the original complaint in 1:20-cv-00069-GSA to be the second amended complaint for case 1:18-cv-01283-JLT.   Plaintiff has declared that he submitted the second amended complaint for case 1:18-cv-01283-JLT on June 7, 2019, whereas the complaint opened as case 1:20-cv-00069-GSA was signed by Plaintiff on the same date, June 7, 2019.

Based on these facts, the court finds that the original Complaint for this case, 1:20-cv-00069-GSA, was meant by Plaintiff to be filed, and should have been filed, as the Second Amended Complaint in case 1:18-cv-01283-NONE-JLT.  Therefore, the court shall direct the Clerk to move the Complaint from this case, 1:20-cv-00069-GSA, into case 1:18-cv-01283-NONE-JLT as the Second Amended Complaint and administratively close this case.

///

**V.     CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The court finds that the original Complaint filed in this case, 1:20-cv-00069-GSA, was meant by Plaintiff to be filed, and should have been filed as the Second Amended Complaint in case 1:18-cv-01283-NONE-JLT;

2. The Clerk is directed to:

    (1) DOCKET this order in both cases: 1:20-cv-00069-GSA and case 1:18-cv-01283-NONE-JLT;

    (2) MOVE the original Complaint from case 1:20-cv-00069-GSA into case 1:18-cv-01283-NONE-JLT as the Second Amended Complaint; and

    (3) Administratively CLOSE this case 1:20-cv-00069-GSA.

IT IS SO ORDERED.

Dated:   **April 19, 2020**                              **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE