1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                    EASTERN DISTRICT OF CALIFORNIA

10

11    ANDREW ARLINGTON RING,                        Case No. 1:18-cv-01283-NONE-JLT (PC)

12                          Plaintiff,

13            v.                                      **FINDINGS AND RECOMMENDATIONS
                                                      TO DISMISS ACTION FOR FAILURE TO
                                                      STATE A COGNIZABLE CLAIM**

14    C. ALLENBY, et al.,
                                                      21-DAY DEADLINE
15                          Defendants.

16

17            Plaintiff's second amended complaint (Doc. 22) is before the Court for screening pursuant

18    to 28 U.S.C. § 1915A. For the reasons set forth below, the complaint fails to state a claim on

19    which relief can be granted. Because Plaintiff has received two prior opportunities to amend (*see*

20    Docs. 10, 14), and his pleading has the same deficiencies as prior complaints, the Court finds that

21    further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

22    The Court, therefore, recommends that this action be dismissed.

23    **I.      SCREENING REQUIREMENT**

24            The Court is required to screen complaints brought by prisoners seeking relief against a

25    governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

26    The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

27    legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek

28    monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The

1   Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient

2   facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

3   699 (9th Cir. 1990).

## II.   PLEADING REQUIREMENTS

### A.   Federal Rule of Civil Procedure 8(a)

6   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

7   exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain

8   "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

9   Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the

10  plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal

11  quotation marks and citation omitted).

12  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

13  cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

14  U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must

15  set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

16  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as

17  true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

18  The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of

19  any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the

20  liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories.

21  *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil

22  rights complaint may not supply essential elements of the claim that were not initially pled,"

23  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation

24  marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe*

25  *I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and

26  citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to

27  state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall

28  short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

2

### B.  Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III.   DISCUSSION

### A.  Plaintiff's Factual Allegations[1]

Mr. Ring is civilly detained at Coalinga State Hospital. (*See* Doc. 22 at 1-3.) On June 24, 2014, Plaintiff visited Dr. Newbarld due to problems with his eyesight. (*Id.* at 3.) Dr. Newbarld referred Plaintiff to Dr. Garcia, an optometrist, who recommended that Plaintiff be tested for glaucoma. (*Id.*) Plaintiff received the testing on September 23, 2014. (*Id.*)

After analyzing the test results, Dr. Hatwalker referred Plaintiff back to Dr. Garcia. (*Id.* at 4.) Plaintiff's follow-up appointment was scheduled for December 23, 2014; however, "for reason[s] unknown plaintiff was not seen again by Dr. Garcia until April 28[], 2015." (*Id.*)

In 2016, Dr. Powers replaced Dr. Hatwalker as Plaintiff's "unit doctor." (*Id.*) Plaintiff raised the problems regarding his eyesight with Dr. Powers "several times," who replied, "that he would look into it." (*Id.*)

In 2017, Plaintiff was referred to Dr. Rasheed (*id.*), an eye surgeon at an outside hospital (*see id.* at 2). Dr. Rasheed prescribed "special drops" for Plaintiff. (*Id.* at 5.) "[F]or reasons unknown the order was never processed and … plaintiff did not receive the drops prescribed." (*Id.*) Dr. Powers prescribed different eye drops for Plaintiff. (*See id.* at 37.)

///

---

[1] For screening purposes, the Court accepts Plaintiff's factual allegations as true. *See Iqbal*, 556 U.S. at 678.

3

1    Dr. Rasheed performed surgery on Plaintiff's eye. (*Id.* at 5.) During the surgery, Plaintiff

2    "started feeling extreme pain, which he … stated … to Dr. Rasheed, who responded by simply

3    ordering plaintiff not to move." (*Id.*) Plaintiff told Dr. Rasheed that "it felt like he was pulling on

4    the eye itself, but plaintiff['s] complaints were … ignored." (*Id.*)

5    After the surgery, Plaintiff visited Dr. Garcia, who told Plaintiff that Dr. Rasheed "had

6    tore his optic nerves." (*Id.* at 6.) Plaintiff later told Dr. Powers that he wanted a second opinion

7    from a different surgeon, but Dr. Powers referred Plaintiff back to Dr. Rasheed. (*Id.*) Plaintiff

8    visited Dr. Rasheed on March 15, 2018, who told Plaintiff "that there was nothing he could do."

9    (*Id.*) Plaintiff now suffers from blindness. (*Id.* at 3.)

10    Plaintiff sues Drs. Newbarld, Hatwalker, Powers, and Rasheed. (Doc. 1 at 1, 2-3.) Plaintiff

11    alleges the defendants denied or delayed proper medical care. (*Id.* at 3.)

12    **B.  Plaintiff's Claim for Relief**

13    To determine whether the conditions of confinement of civilly committed persons are

14    constitutionally adequate, courts look to the substantive due process component of the Fourteenth

15    Amendment. *See Youngberg v. Romeo*, 457 U.S. 307, 314-319 (1982); *Jones v. Blanas*, 393 F.3d

16    918, 931 (9th Cir. 2004). "Involuntarily committed patients in state mental health hospitals have a

17    … due process right to be provided safe conditions by the hospital administrators…. [W]hether a

18    hospital administrator has violated a patient's constitutional rights is determined by whether the

19    administrator's conduct diverges from that of a reasonable professional." *Mitchell v. Washington*,

20    818 F.3d 436, 443 (9th Cir. 2016) (internal quotation marks and citation omitted).  "[A] decision,

21    'if made by a professional,[2] is presumptively valid; liability may be imposed only when the

22    decision by the professional is such a substantial departure from accepted professional judgment,

23    practice, or standards as to demonstrate that the person responsible actually did not base the

24    decision on such a judgment.'" *Id.* (quoting *Youngberg*, 457 U.S. 307 at 323).

25     "The *Youngberg* [professional judgment] standard differs from the 'deliberate

26    indifference' standard used in Eighth Amendment cruel and unusual punishment cases, in that

27

28    ---
     [2] The Supreme Court has defined "professional decisionmaker" as "a person competent, whether by education, training or experience, to make the particular decision at issue." *Youngberg*, 457 U.S. at 323 n.30.

4

1   '[p]ersons who have been involuntarily committed are entitled to more considerate treatment and

2   conditions of confinement than criminals whose conditions of confinement are designed to

3   punish.'" *Mitchell*, 818 F.3d at 443 (quoting *Youngberg*, 457 U.S. at 321-22) (citation and

4   emphases omitted). The *Youngberg* standard is an objective standard, and it equates "to that

5   required in ordinary tort cases for a finding of *conscious indifference* amounting to gross

6   negligence." *Ammons v. Washington Dep't of Soc. & Health Servs.*, 648 F.3d 1020, 1029 (9th Cir.

7   2011) (internal quotation marks and citations omitted).

8       "Conscious indifference," though less severe than "deliberate indifference," is "more

9   stringent than that required for a finding of negligence, which may be demonstrated by a

10   professional's mere failure to exercise the level of care expected of other professionals in the

11   same field." *Estate of Conners by Meredith v. O'Connor*, 846 F.2d 1205, 1208 (9th Cir. 1988).

12   Under the *Youngberg* standard, "'the Constitution only requires that the courts make certain that

13   professional judgment in fact was exercised. It is not appropriate for the courts to specify which

14   of several professionally acceptable choices should have been made.'" *Ray Robertson v. Contra*

15   *Costa Cty.*, No. 15-CV-02549-WHO, 2016 WL 4259135, at *4 (N.D. Cal. 2016) (quoting

16   *Youngberg*, 457 U.S. at 321).

17       Plaintiff alleges that he suffers from a debilitating medical condition. (Doc. 22 at 3.)

18   Under the stringent *Youngberg* standard, though, Plaintiff's allegations do not establish a

19   cognizable constitutional claim.

20       With respect to Drs. Newbarld and Hatwalker, Plaintiff alleges that the doctors referred

21   Plaintiff to Dr. Garcia, an optometrist, after Plaintiff complained of his eyesight and showed signs

22   of glaucoma. (Doc. 22 at 3-4.) Plaintiff does not allege that the doctors committed any

23   misconduct.

24       With respect to Dr. Powers, Plaintiff alleges that the doctor (1) referred Plaintiff to Dr.

25   Rasheed, an eye surgeon, in 2017, (2) failed to order the specific eyedrops that Dr. Rasheed

26   prescribed pre-surgery, and (3) referred Plaintiff back to Dr. Rasheed post-surgery when he

27   requested a second opinion regarding his torn optic nerves. (*See id.* at 4-6, 37.) These allegations

28   do not show that Dr. Powers' decision-making was "such a substantial departure from accepted

1  professional judgment, practice, or standards as to demonstrate that [he] … did not base the

2  decision on such a judgment." *Youngberg*, 457 U.S. 307 at 323. Dr. Powers' failure to order the

3  specific eyedrops prescribed by Dr. Rasheed, at most, shows a difference in medical opinion.

4  However, a difference in opinion, without more, does not show that Dr. Powers was consciously

5  indifferent to Plaintiff's medical needs. *See Ray Robertson*, 2016 WL 4259135, at *4.

6  With respect to Dr. Rasheed, Plaintiff alleges that, according to Dr. Garcia, the defendant

7  damaged his optic nerves while conducting surgery. (Doc. 22 at 5-6.) These allegations may state

8  a claim of medical negligence under state law. However, as explained in the Court's second

9  screening order, mere negligence does not amount to *gross* negligence or conscious indifference.

10 (Doc. 14 at 8.) Moreover, Plaintiff's allegations do not provide any basis to find that Dr. Rasheed,

11 a surgeon at an outside hospital, was acting under color of state law when he performed Plaintiff's

12 surgery. As explained in the Court's first screening order, "[t]his does not preclude Plaintiff from

13 proceeding against Dr. Rasheed for medical malpractice … under California law [in state court],

14 but it prohibits a claim against Dr. Rasheed" under 42 U.S.C. § 1983. (Doc. 10 at 10.)

15 **IV.    CONCLUSION AND RECOMMENDATION**

16 For the reasons set forth above, Plaintiff's second amended complaint (Doc. 22) fails to

17 state a claim on which relief can be granted. Given Plaintiff's prior two opportunities to amend,

18 the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-

19 13 (9th Cir. 2012). Accordingly, the Court **RECOMMENDS** that this action be **DISMISSED** for

20 failure to state a cognizable claim.

21 These Findings and Recommendations will be submitted to the United States District

22 Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days**

23 of the date of service of these Findings and Recommendations, Plaintiff may file written

24 objections with the Court. The document should be captioned, "Objections to Magistrate Judge's

25 Findings and Recommendations."

26 ///

27 ///

28 ///

Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 29, 2020**                    **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE