UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW ARLINGTON RING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. ALLENBY, et al.,<br><br>　　　　　Defendants. | No. 1:18-cv-01283-NONE-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION FOR FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM<br><br>(Doc. No. 24) |

　　　　Plaintiff Andrew Arlington Ring is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On June 30, 2020, the assigned magistrate judge filed findings and recommendations, recommending that this action be dismissed for failure to state a claim on which relief can be granted. (Doc. No. 24.) The magistrate judge found plaintiff's second amended complaint (Doc. No. 22) failed to provide allegations sufficient, if proven, to show the defendants were "consciously indifferent" or "grossly negligent" in providing medical care, as required in order for a civil detainee to state a cognizable claim for inadequate medical care under the "*Youngberg* professional judgment standard." (Doc. No. 24 at 4-6.) The magistrate judge further found that the allegations fail to show that Defendant Doctor Rasheed, who allegedly damaged plaintiff's optic nerves during surgery, was acting under color of state law when he performed the surgery.

(*Id.* at 6.)  The magistrate judge also found that, "[b]ecause [p]laintiff has received two prior opportunities to amend …, and his pleading has the same deficiencies as prior complaints, … further amendment would be futile." (*Id.* at 1 (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).)

Plaintiff filed objections to the findings and recommendations on August 12, 2020.  (Doc. No. 27.)  In his objections, plaintiff states that the "irresponsibility of the CA Department of State Hospitals-Coalinga and Dr. Karim Rasheed['s] inability to provide basic medical treatment directly lead to plaintiff's loss of eye sight." (*Id.* at 2-3.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

The court is sympathetic to plaintiff's claims and medical condition.  However the court agrees with the magistrate judge's finding that the allegations set forth in plaintiff's complaint fail to sufficiently allege that any defendant acted with *conscious* indifference or *gross* negligence, as opposed to ordinary negligence.  As the magistrate judge noted, this finding does not preclude plaintiff from pursuing a state-law claim for medical negligence in state court.  Rather, the finding only means that plaintiff's allegations are not sufficient to state a cognizable federal constitutional claim under 42 U.S.C. § 1983.

Accordingly,

1. The findings and recommendations issued on June 30, 2020 (Doc. No. 24) are adopted in full;
2. This action is dismissed for failure to state a cognizable federal claim; and,
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**September 1, 2020**__                     _____
                                                                              UNITED STATES DISTRICT JUDGE

2